UNITED STATES DISTRICT COURT   **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **CV 16-9400-DMG (AFMx)** | Date | December 22, 2016 |
|---|---|---|---|

| Title | ***Town & Coastal Properties, Inc. v. Brian Maland Majors, et al.*** |
|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| Kane Tien | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| Not Present | Not Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING MATTER TO STATE COURT**

      On October 17, 2016, Town & Coastal Properties, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Brian Maland Majors and Does 1 to 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 514 Bakeman Lane, Arroyo Grande, California 93420 (the "Property") that is managed by Plaintiff. Defendant allegedly entered into a one-year lease of the Property on May 21, 2016, with rent at $1,400.00 per month. At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $1,400.00. Plaintiff estimates the fair rental value of the property as $46.66 per day. Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Defendant filed an Answer in state court. The Answer denied certain allegations of the complaint, asserted the notice to quit was defective, and alleged a number of affirmative defenses, including that Plaintiff is "arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California." Defendant removed the action to this Court on December 20, 2016. Defendant assert federal question jurisdiction in this Court: "Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal, ¶ 9.) Diversity jurisdiction is not alleged.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. **CV 16-9400-DMG (AFMx)** | Date December 22, 2016 |
| Title ***Town & Coastal Properties, Inc. v.Brian Maland Majors, et al.*** | |

that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

     Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

     Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $1,400.00, plus ongoing damages at a rate of $46.66 per day. Defendant has made no plausible allegations showing how those damages would exceed $75,000.

     The Court thus REMANDS the action to state court forthwith.